**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION**

KEITH TYLER FORREST *et al.*                                                               PLAINTIFFS

V.                                     NO: 1:11CV00026 JLH/HDY

KEITH BOWERS *et al.*                                                                       DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of

> proof, and a copy, or the original, of any documentary or
> other non-testimonial evidence desired to be introduced at
> the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiffs Keith Tyler Forrest, Steven Donnelle Cody, Larry Ervin, and Tony Branscum, originally filed this complaint, pursuant to 42 U.S.C. § 1983, on April 1, 2011, challenging conditions at the Independence County Detention Facility, and seeking monetary compensation and injunctive relief. Forrest and Cody have been dismissed, leaving only Ervin and Branscum as Plaintiffs. Defendants are former Independence County Sheriff Keith Bowers, current Independence County Sheriff Steve Jeffreys, and Jail Administrator John Furgason and Sgt. Ballard of the Independence County Detention Facility.

Plaintiffs also made a timely demand for a jury trial; however, before incurring the expense of money and manpower inherent in such a trial, the Court held an evidentiary hearing on March 27, 2012, to determine whether this case should proceed to a jury trial. Pursuant to the standard set forth in *Johnson v. Bi-State Justice Center*, 12 F.3d 133 (8th Cir. 1993), the Court has considered Plaintiffs' testimony during the hearing to be true, drawn all appropriate inferences in Plaintiffs' favor, and refrained from making any credibility determinations. *Id*. at 135-6. Viewing the evidence presented during the hearing in this light, the Court must now decide "whether the evidence presents

a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id., quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-2 (1986). Considering the evidence introduced at the evidentiary hearing in the manner set forth above, the undersigned makes the following findings:

1. Ervin was held at the Independence County Detention Facility from December 6, 2010, until December 1, 2011, when he left for the Arkansas Department of Correction ("ADC"). Branscum is still held at the facility, and has been there since February 17, 2011.

2. Both Plaintiffs testified. Ervin testified first, and claimed that the jails conditions were unconstitutional because cells had padlocks on the doors, with no panic button or regular guard; the jail lacked germicidal tuberculosis ("TB") lights; disinfectant was not regularly provided for hair clippers; and at times three men were confined to a two man cell, forcing someone to sleep on the floor. Ervin also testified that he had not been injured in any way as a result of the conditions, and actually had the option of declining the use of the clippers when they were not sanitized. Branscum testified that his complaints about the conditions were essentially the same as Ervin's and that he also had no injury.

3. It appears that Plaintiffs were pre-trial detainees at times relevant to this complaint, even though Ervin has now moved to the ADC. Thus, Plaintiffs' claims are analyzed under the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment. *Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003). Defendants violated Plaintiffs' due process rights if the jail's conditions of confinement constituted punishment. *Id.* However, because, "[u]nder the Fourteenth Amendment, pretrial detainees are entitled to 'at least as great' protection as that afforded convicted prisoners under the Eighth Amendment," courts apply the identical deliberate-

indifference standard as that applied to conditions-of confinement claims made by convicts. *Id.* (quoting *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983)); *see also Whitnack v. Douglas County*, 16 F.3d 954, 957 (8th Cir. 1994). To prevail on a conditions of confinement claim, inmates and pretrial detainees must show: (1) the condition was serious enough to deprive them of the minimal civilized measure of life's necessities, or to constitute a substantial risk of serious harm, and (2) officials were deliberately indifferent to the inmates' or detainees' health and safety. *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir.1996); *Frye v. Pettis County Sheriff Dept.*, 41 Fed.Appx. 906, 907 (8th Cir. 2002)(unpub. per curiam).

4. Accepting Plaintiffs' testimony as true, they have failed to introduce any evidence to support a claim that their constitutional rights were violated. Courts have concluded that conditions such as those alleged by Plaintiffs, in the absence of any injury, do not rise to the level of a constitutional violation. *See Looper v. Sanders*, Case No. 6:10CV06037, 2011 WL 861714 (W.D. Ark. March 10, 2011) (slip copy) (padlocks on doors of county detention center, and lack of TB lights); *Allen v. Helder*, Case No. 10-5008, 2012 WL 590806 (W.D. Ark. January 27, 2012) (slip copy) (clippers allegedly not sanitized after being contaminated with blood from inmate believed to be HIV positive, shave and haircut were voluntary); *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981) (double celling inmates not a *per se* violation of eighth amendment).[1] Thus, Plaintiffs are not entitled to monetary damages.

5. Additionally, Ervin's claims for injunctive relief are now moot, since he has been

---

[1] In support of their claim regarding padlocks, Plaintiffs rely on *Middlebrook v. Tennessee Department of Correction*, Case No. 07-2372-STA, 2010 WL 3432687 (W.D. Tenn. August 31, 2010). However, in *Middlebrook*, padlocked doors were determined to not be a constitutional violation under the circumstances of the case.

moved to the ADC. "[A] prisoner's claim for injunctive relief to improve prison conditions is moot if he or she is no longer subject to those conditions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (citing *Wycoff v. Brewer*, 572 F.2d 1260, 1262 (8th Cir. 1978). Branscum is still at the detention center. In *Helling v. McKinney*, 509 U.S. 25, 34 (1993), the Supreme Court determined that a prisoner stated a cause of action where he was exposed to a substance, environmental tobacco smoke, that posed an unreasonable risk of serious damage to his future health. The Court stated that to prevail on such a claim, the inmate must satisfy both an objective, and a subjective, element. With respect to the objective factor, an inmate must show that he himself is being exposed to an unreasonably high level of the substance. This includes an analysis of whether "society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." *Helling* at 36 (emphasis in original). If the objective factor is shown, the inmate must then show that prison officials were indifferent to that risk.

In this case, Branscum cannot show that he is being exposed to a risk that is "so grave that it violates contemporary standards of decency" to subject him to that risk, or that the risk is not one society chooses to tolerate. Branscum testified that no Defendant was responsible for any wrongdoing. Branscum claimed no injury, and did not articulate any facts to suggest how any of the conditions create an unreasonable risk of future injury. Therefore, Plaintiffs failed to introduce sufficient evidence to create a fact issue to be submitted to a jury, and their complaint should be dismissed.

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiffs' complaint be DISMISSED WITH PREJUDICE for failure to introduce sufficient evidence to create a fact issue to be submitted to a jury.

2. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this  2  day of April, 2012.

UNITED STATES MAGISTRATE JUDGE